THE BOARD OF COMMISSIONERS OF SUMNER COUNTY V. WELLINGTON TOWNSHIP, IN SUMNER COUNTY.

JUDGE— *Counsel in Case—Change of Venue.*   Ordinarily, where the judge of the district court has been of counsel in a case, a party has the right to demand a change of venue to another district at any time up to the time of the trial, if the issues have already been made up, and up to the time of the rendering of the judgment where no issues have been made up; and where no issues have been made up, he has the right to demand a change of venue for the purpose that they may be made up and a trial had.

*Error from Sumner District Court.*

THIS was an action brought in the district court of Sumner county by the *Township of Wellington,* against the *Board of County Commissioners* of said county, to recover the sum of $739.59, alleged to be due for rent of a certain lot and building alleged to have been leased by the plaintiff to the defendant by a written lease. Afterward one of the attorneys for the plaintiff in the action became the judge of the court. Afterward, and on March 8, 1886, a judge *pro tem.* was duly elected to try all cases in which the regular judge was interested, among which cases was the present. Afterward, and on March 24, 1886, a judgment was rendered in the case in favor of the plaintiff and against the defendant for the amount for which the plaintiff sued. Afterward, and on March 27, 1886, the court, by the judge *pro tem.,* on a motion to vacate and set aside the judgment, made the following findings, to wit:

"On the 8th day of March, 1886, this case was set for hearing by the present sitting judge *pro tem.,* which said time for hearing was fixed for the 11th day of March, 1886; that on the 11th day of March the attorney for the defendant came into court and said that he was not present at the time of the setting of the cause for hearing, and that they were not ready to hear it then, but consented that the case might be set for hearing on the evening of the 18th day of March, upon the matters in issue under the pleadings; that on the 18th day of March, by the consent of both parties plaintiff and defendant, the hearing of the matters in this case was postponed until the evening of the 19th day of March; that on the evening of the 19th day of March, 1886, the defendants called the attention of the court to the fact that the motion for a change of venue had been filed in the case by them, and asked to have the hearing of the other matters in the case postponed until after the decision upon the motion for a change of venue; but afterward, after the introduction of evidence by parties plaintiff and defendant upon the question of a change of venue, and after the court had indicated what its decision would be, the defendants withdrew their motion for a change of venue and gave notice that they would file a motion for leave to

withdraw their demurrer and file an answer in the case; that afterward, on the 24th day of March, the motion for leave to withdraw the demurrer and file an answer came on for hearing, and the motion ruled on in the morning of said day.   At that time the court, over the objection of the plaintiff, gave leave to the defendants to withdraw their demurrer, and gave them until 1.30 P. M. of that same day to make a showing why they should be allowed to file an answer; that afterward, in the afternoon of the same day, the application for leave to file an answer again came on for hearing, and was overruled by the court.   Thereupon the plaintiff asked for judgment by default, and before the court entered judgment in favor of the plaintiff, and while the court was receiving the verdict of the jury which had just returned into court in another case, this motion for a change of venue was filed; and that afterward, and after said motion for a change of venue had been filed, the court rendered judgment for the plaintiff in said case as prayed for in its petition.

"Counsel for the defendants objected and excepted to the finding of the court in reference to the time that the plaintiffs ask for judgment by default.

"After having examined said motion for a new trial, and said motion to vacate said judgment, and having listened to the foregoing evidence and arguments of counsel for plaintiff and defendant, said court (said judge *pro tem.* then presiding) overruled each and both of said motions, to which judgment overruling said motions said defendant objected and excepted."

The answer which the defendant asked to file in the case was duly verified, and, omitting the title, the signature and the verification, it reads as follows:

"And now comes said defendant, the board of county commissioners of Sumner county, Kansas, and for its answer to said plaintiff's petition herein filed, says: First, that it denies each and every material allegation in said plaintiff's petition contained.   Second, it is not nor was it ever indebted to said plaintiff in any sum of money whatever.

"And said defendant further says, that said purported copy of a lease attached to said petition is not a copy of any legal lease that said defendant ever executed to said plaintiff; that said instrument sued upon in said action was never executed by said plaintiff to said defendant, because said defendant says that said plaintiff is a municipal township in said county, and never had any power to execute or deliver any lease of any

real property whatsoever to said defendant; that said plaintiff has no power to take or receive any rents for said property; that said plaintiff never owned said property nor had any right to rent the same; but that said defendant has at all times owned said property, and that its then acting officers who signed said instrument sued upon in said cause, never had any authority to sign or execute the same; that said instrument sued upon in said cause is spurious, and in law void and of no effect, and is for reasons aforesaid no contract between said plaintiff and defendant."

The application for the change of venue made and filed on March 24, 1886, omitting title and signature, reads as follows:

"And now comes said defendant, the board of county commissioners of Sumner county, Kansas, and moves the court to change the place of trial of the above-entitled cause of action to some adjoining judicial district, and for grounds says that the Hon. James T. Herrick, the present judge of this, the 19th judicial district, wherein said cause is pending, was formerly of counsel in said cause and on behalf of said plaintiff presented the claim herein sued upon to said defendant for payment, and argued said claim before said defendant the board of county commissioners, all of which said facts will more fully appear from the records of said cause and the records of this court, to which reference is hereby specifically made, and from oral evidence which the defendant is ready to produce to the court.

" Wherefore, said defendant prays for the usual order changing the place of trial of said cause."

*Murray & Elliott*, for plaintiff in error.

*George & King*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question necessary to be considered in this case is, whether the court below erred or not in refusing to grant an application for a change of venue to another district. The regular judge of the court for that district had formerly been of counsel in the case for the defendant in error, plaintiff below, and the application for the change of venue was made solely upon that ground. A brief history

of the case is as follows: The plaintiff below filed its petition; the defendant below demurred thereto; one of the plaintiff's attorneys became judge of the court; the defendant filed an application for a change of venue on that ground; a judge *pro tem.* was elected by the members of the bar of that court to try all cases which could not properly be tried before the regular judge of the district; the application for the change of venue was withdrawn; afterward the demurrer was also withdrawn, but the defendant at the time of withdrawing the same asked leave of the court to file an answer; such answer, duly verified by affidavit, and stating a defense, was tendered to the court, but the court overruled the motion for leave to answer, and the plaintiff then asked for judgment as upon a default for the full amount claimed in its petition; immediately thereafter the defendant filed another application for a change of venue, upon the ground that the judge of the court had been of counsel in the case, and called the attention of the court to the same; but the court, without taking any action upon the application for the change of venue, and over the objection and exception of the defendant, rendered judgment in favor of the plaintiff and against the defendant as upon a default for the full amount claimed by the plaintiff in its petition. All these proceedings were had before the judge *pro tem.* We think the court below committed error in ignoring the defendant's application for the change of venue. The statute authorizing changes of venue to be taken in cases of this kind reads as follows:

" SEC. 56. In all cases in which it shall be made to appear to the court that a fair and impartial trial cannot be had in the county where the suit is pending, or when the judge is interested or has been of counsel in the case, or subject-matter thereof, or is related to either of the parties, or is otherwise disqualified to sit, the court may, on application of either party, change the place of trial to some county where such objection does not exist." (Civil Code, § 56.)

The only question arising under the facts of this case is, whether the defendant made the application for the change of venue within proper time; for it is admitted that if the ap-

plication had been made within proper time the defendant would have been entitled to the change of venue. It is claimed by the plaintiff below, defendant in error, that the defendant below should have made the application for the change of venue at the earliest opportunity, which it is claimed was not done. It is also claimed that the defendant carried on a system of dilatory proceedings from the beginning to the end; proceedings merely for the purpose of delay. It is claimed that the defendant's counsel, the county attorney, participated in the election of the judge *pro tem.*, and thereby waived his right to a change of venue. It is also claimed that when the last application for the change of venue was filed all questions in the case had been settled, and nothing was left to be done in the case except to render a judgment therein upon the plaintiff's petition as upon a default. It is claimed that there were no issues of fact to be tried, and no questions of law to be settled, and that a change of venue would have been useless and could have accomplished no good purpose, nor any purpose except costs and delay.

We think that much that the plaintiff below, defendant in error, claims, has force; and yet we think the statute is imperative, and will permit a party to demand a change of venue in cases of this kind at any time, and whether the demand is reasonable or unreasonable, and whatever the court or the adverse party may think of it. It is not left to the discretion or judgment of either the court or the adverse party to determine whether the change of venue shall be granted or not; but it is left wholly in the discretion of the applicant for the change of venue to determine whether he will take a change of venue, or proceed with the case under a *pro tem.* judge. We do not think that there was any waiver of right in the present case. The *pro tem.* judge was not elected merely to try this case, but was elected to try all cases that could not properly be tried before the regular judge, and although the defendant's attorney, who was such merely by reason of being the county attorney, participated in the election, yet he did so merely by virtue of his being a member of the bar of that

court, and he may have had many other cases in which he was interested as well as in this, and could not well have refrained from participating in the election.   In our opinion, in cases like the present, a party ordinarily has the right to demand a

*Judge—counsel in case—change of venue.* change of venue at any time up to the time of the trial, if issues have already been made up, and up to the time of the rendering of the judgment, where no issues have been made up; and where no issues have been made up he has the right to demand a change of venue for the purpose that they may be made up and a trial had. . There was no intention in this case, on the part of the defendant, to permit a judgment to be rendered as upon a default. The defendant claimed that no judgment could legally be rendered in the case; that the plaintiff's petition itself did not state facts sufficient to constitute a cause of action, but that even if it did, still that the defendant had a good defense thereto upon the merits.   The *pro tem.* judge passed upon the sufficiency of the petition when he rendered the judgment in the case, and this was after the application for the change of venue had been made.   With reference to the granting of changes of venue, see the following cases: *K. P. Rly. Co. v. Reynolds*, 8 Kas. 623; *Herbert v. Beathard*, 26 id. 746; *Hegwer v. Kiff*, 31 id. 636.   For the error of the court below in ignoring the defendant's application for the change of venue, the judgment of the court below must be reversed, and the cause remanded.

All the Justices concurring.